Darryl DAVIS, Appellant,

v.

Kevin ROSS, Iowa City Police Officer; Officer Heick; Appellees,

Unknown/Unnamed Defendants, Sued as Iowa City, IA Chief of Police; Defendants,

Tony Nobile, Appellee.

No. 92–3326.

United States Court of Appeals, Eighth Circuit.

Submitted June 3, 1993.

Decided June 10, 1993.

---

Darryl Davis, pro se.

Anne G. Burnside, Iowa City, IA, for appellees.

Before BOWMAN, MAGILL, MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Darryl Davis, an Iowa inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 action as time-barred. We affirm.

In a complaint received by the court on January 27, 1992, Davis alleged that on August 11, 1989, defendant Iowa police officers assaulted him during his arrest. Davis alleged that, while he was at Mercy Hospital in Iowa City, the officers informed him that he fit the description of an assailant; when he sought additional information, they became aggressive, put a choke hold on him, and handcuffed him. Davis alleged the officers subsequently injured his wrists, kicked him, and choked him. Davis alleged that he told the officers at the time he was placed in the squad car that he was going to bring legal action against them for their assaultive behavior. In resistance to defendants' motion to dismiss his action as time-barred, Davis argued that he was not aware he had a section 1983 claim until April 11, 1990, when the state dismissed the criminal charges brought against him in connection with his arrest. The district court granted defendants' motion to dismiss.

The district court correctly determined that Davis's action was barred by Iowa's two-year statute of limitations. *See Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir.1985), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986) (personal injury statute of limitations applies to section 1983 action). Davis's allegation in his complaint that he told the officers he would bring legal action against them for assaulting him belies his contention that he was unaware he had a cause of action until April 1990. In any event, his cause of action arose when defendants arrested him on August 11, 1989. *Cf. Kaster v. Iowa*, 975 F.2d 1381, 1382 (8th Cir.1992) (per curiam) (cause of action arose when state officials searched and seized plaintiff's property, not when his state court action concluded). Davis's argument that hospitals are covered by a different statute of limitations is meritless.

Accordingly, we affirm.

1. The Honorable R.E. Longstaff, United States District Judge for the Southern District of Iowa.