**K.E.S., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–1065.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1994.

Decided Oct. 28, 1994.

Jacqueline A. Mrachek, Minneapolis, MN. Additional attorney appearing on the brief, was Gerald T. Laurie, for appellant.

Friedrich A.P. Siekert, Minneapolis, MN, for appellee.

Before LOKEN, Circuit Judge, BRIGHT and WEIS,* Senior Circuit Judges.

LOKEN, Circuit Judge.

The plaintiff in this case, a young woman now in her mid-twenties, commenced this damage action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (FTCA), alleging injuries stemming from an Army recruiter's repeated acts of sexual

---

* The HONORABLE JOSEPH F. WEIS, JR., Senior United States Circuit Judge for the Third Circuit, sitting by designation.

abuse and misconduct. The District Court[1] dismissed with prejudice, concluding that the action is barred by the two-year statute of limitations governing tort claims against the government. *See* 28 U.S.C. § 2401(b). Plaintiff appeals. We affirm.

### I.

In the summer of 1985, plaintiff requested information on Army opportunities. Sergeant First Class Kevin Reilley, an Army recruiter, contacted her in November, when plaintiff was a high school senior. Later that month, Reilley kissed and fondled plaintiff while driving her to and from an Army entrance exam, explaining that sexual acts were a normal part of the recruiting process and were necessary for favorable treatment. Reilley's abuse of the naive and inexperienced plaintiff escalated to oral sex and, in June 1986, sexual intercourse. Between November 1985 and May 1987, Reilley was sexually abusive on two to three dozen occasions. Plaintiff ended the relationship in September 1987, after an intoxicated and violent Reilley frightened her.

Plaintiff sought counseling in February 1991 because of difficulties in her college studies and personal relationships. When she disclosed Reilley's prior sexual abuse, the counselor referred her to a psychologist. She was diagnosed as suffering from posttraumatic stress disorder in March or April of 1991 and learned in August 1991 that Reilley's sexual abuse is the cause of that disorder. She filed an administrative claim with the Army in January 1992 and commenced this action when that claim was denied.

Following discovery, the government filed a motion to dismiss or for summary judgment, arguing that plaintiff's claim is time-barred. The district court held an evidentiary hearing limited to that issue. At the hearing, plaintiff testified that Reilley's various acts of sexual abuse were against her will; that he forced her to have sexual intercourse, which hurt her physically and which she now characterizes as rape; and that she

felt physical pain, nausea, humiliation, fright, and horror during and after these incidents. The district court then granted the government's motion to dismiss, concluding in a thorough and well-reasoned opinion that plaintiff's claim is time-barred under § 2401(b).

### II.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed. *See, e.g., Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Since Reilley's last sexual assault occurred in mid–1987 and plaintiff filed her administrative claim in early 1992, the claim is time-barred unless it did not accrue until long after the abusive incidents ended. When a claim accrues for purposes of § 2401(b) "is a question of federal law which must be determined by the court in light of the surrounding circumstances." *Radman v. United States*, 752 F.2d 343, 344 (8th Cir.1985).

"[T]he general rule under the [FTCA] has been that a tort claim accrues at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979). However, *Kubrick* held that, in medical malpractice cases, if the plaintiff has been in "blameless ignorance" of the injury, the cause of action does not accrue until the plaintiff knows of the fact of injury and its cause. 444 U.S. at 120–22 & n. 7, 100 S.Ct. at 358–60 & n. 7. The cause of action accrues at that time even if plaintiff does not know that the injury is legally redressable—if plaintiff fails to act despite knowledge of the harm and its cause, defendant is entitled to the limitations defense. *See* 444 U.S. at 123–24, 100 S.Ct. at 360. The district court and the parties have

---

1. The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.

assumed that the *Kubrick* discovery exception applies in this case.[2]

Plaintiff argues that her claim is only for psychological injury (the post-traumatic stress disorder), that this claim did not accrue until she learned in August 1991 that this injury was caused by Reilley's sexual abuse, and therefore that her administrative claim was timely asserted in January 1992. Like the district court, we disagree. Plaintiff testified that she understood the nature of the sexual acts complained of, that Reilley abused, assaulted, and raped her without her consent, and that she suffered immediate physical and emotional harm including pain, nausea, fright, and humiliation. Thus, she knew that she had been injured, and the cause of that injury, on the occasion of each assault.

Misapprehension of the seriousness or permanency of an injury does not toll the statute of limitations under the FTCA. *See Manko v. United States*, 830 F.2d 831 (8th Cir.1987). As the District Court noted, when the fact of injury and its cause are immediately known, it would eviscerate § 2401(b) to hold that the onset of post-traumatic stress disorder many years later is a separate injury that triggers a new two-year limitations period.[3] Such a ruling would thwart the purpose of statutes of limitations, to "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence" while "affording plaintiffs what the legislature deems a reasonable time to present their claims." *Kubrick*, 444 U.S. at 117, 100 S.Ct. at 357. Thus, although we may sympathize with plaintiff's reluctance to come forward at the time of Reilley's reprehensible conduct, her claim accrued at that time and was time-barred well before January 1992.

Plaintiff principally relies on *Simmons v. United States*, 805 F.2d 1363 (9th Cir.1986), a therapist malpractice case in which defendant used the "transference" phenomenon to induce a patient to engage in a sexual affair. In *Simmons*, the district court found based upon expert testimony that this therapist/patient relationship rendered plaintiff incapable of knowing that defendant's conduct was the cause of her severe emotional injury until that causal relationship was diagnosed some years later. Based upon this finding, the Ninth Circuit affirmed a ruling that plaintiff's FTCA cause of action did not accrue until that subsequent diagnosis. *Simmons* is distinguishable from this case, in which plaintiff testified that she knew Reilley's sex abuse caused her contemporaneous physical and emotional injury. *Simmons* is more akin to *Clifford v. United States*, 738 F.2d 977, 980 (8th Cir.1984) (accrual of FTCA cause of action tolled because patient rendered comatose by injury), than to this case.

The judgment of the District Court is affirmed.

---

2. *See Slaaten v. United States*, 990 F.2d 1038 (8th Cir.1993), *and Mossow ex rel. Mossow v. United States*, 987 F.2d 1365, 1367 (8th Cir.1993), which state that the *Kubrick* exception applies in all FTCA cases. In applying *Kubrick*, this court focuses on when "the plaintiff actually knew, *or in the exercise of reasonable diligence should have known*, the cause and existence of his injury." *See Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir.1987) (emphasis added). That standard is consistent with the more general "blameless ignorance" standard from which *Kubrick* was derived, *see Urie v. Thompson*, 337 U.S. 163, 169–70, 69 S.Ct. 1018, 1024–25, 93 L.Ed. 1282 (1949), and justifies our application of the *Kubrick* exception in all FTCA cases. It is only in

exceptional cases that a reasonably diligent plaintiff cannot immediately know of the fact of injury and its cause. In all other cases, the general rule—that an FTCA cause of action accrues at the time of injury—applies. *See Osborn v. United States*, 918 F.2d 724, 731 (8th Cir. 1990).

3. Any statute of limitations will result in barring some otherwise provable claims. However, this rule is not as harsh as may appear, since unforeseen injuries that become manifest before a claim is resolved may be asserted by amending the original claim. *See Michels v. United States*, 31 F.3d 686 (8th Cir.1994).