David M. **POWELL** and Robert B. **Depugh, Plaintiffs,**

v.

Ron **TORDOFF, et al., Defendants.**

No. C 95–0129.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Dec. 19, 1995.

---

**6.** Justice Powell, retired at the time, sat by designation and wrote the court's opinion.

David M. Powell, Richmond, Missouri, pro se.

Robert B. DePugh, Independence, Missouri, pro se.

Nathan Callahan, Waterloo, Iowa, for Ron Tordoff, Rick D. Penning, Todd A. Geer, and Tim Wolthoff.

Gerald R. Monk, pro se.

John Stull, pro se.

Pamela D. Griebel, Assistant Attorney General, Iowa Attorney General's Office, Des Moines, Iowa, for John L. McCarter.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS**

BENNETT, District Judge.

## TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND ..................................1187

II. LEGAL ANALYSIS ...............................................1188
 A. Standards For Rule 12(b)(6) Motions To Dismiss .........................1188
 B. Standing .................................................................1189
 C. Statute Of Limitations ...................................................1190
 1. Applicable statute of limitations ....................................1190
 a. Claims pursuant to §§ 1983, 1985, and 1986 .........................1191
 b. Claims pursuant to the Privacy Protection Act of 1980 ..............1192
 2. Accrual of claims ....................................................1193

III. CONCLUSION ...................................................1196

---

The defendants in this lawsuit arising from an allegedly illegal search and seizure have moved to dismiss all thirty of the plaintiffs' causes of action. The motions to dismiss require the court to tread the familiar ground of the statute of limitations for and date of accrual of civil rights claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In addition, they require the court to explore the virgin territory of the statute of limitations for, date of accrual of, and standing to bring claims under the Privacy Protection Act of 1980, 42 U.S.C. § 2000aa–2000aa–12. The motions to dismiss all assert that the plaintiffs' claims are time-barred under the applicable statute of limitations and otherwise fail to state claims upon which relief can be granted. The plaintiffs have resisted all of the motions to dismiss asserting that their claims are viable.

## I. INTRODUCTION AND BACKGROUND

Plaintiffs David M. Powell and Robert B. DePugh filed their complaint in this matter on April 24, 1995, alleging thirty causes of action against various defendants arising from the search and seizure of materials from a building in Reinbeck, Iowa, on October 22, 1991. Mr. DePugh and Mr. Powell allege that the search of the building and the seizure from it of certain materials constituted a violation of their federal and constitutional rights under color of state law, conspiracy to violate those rights, and failure to prevent a conspiracy by others to violate those rights.[1] The plaintiffs assert these causes of action pursuant to three federal civil rights statutes, 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as pursuant to the federal Privacy Protection Act of 1980 (PPA), 42 U.S.C. § 2000aa–2000aa–12.

Mr. DePugh is the former owner of the building that was searched and at one time he had both resided and operated a business there. Mr. Powell was the lessee of the building, which, at the time of the search in question, was owned by Lincoln Savings Bank of Reinbeck, Iowa. The defendants are Rick D. Penning, the Sheriff of Grundy County, Iowa, and Deputy Sheriffs Ron Tordoff and Tim Wolthoff; Todd A. Geer, an Assistant County Attorney for Grundy County, Iowa; John L. McCarter, a magistrate of Iowa's First Judicial District in Grundy County, Iowa; and Gerald R. Monk and John Stull, who are, respectively, an attorney and officer for Lincoln Savings Bank of Grundy County, Iowa. Plaintiffs have also named

---

1. The court deems it both unwieldy and unnecessary to identify or describe each of the plaintiffs' causes of action.

John Doe defendants One and Two and Jane Doe defendants One and Two.

The defendants identified by name have all moved to dismiss the complaint as to them on the grounds that the plaintiffs' many causes of action are time-barred under the applicable statute of limitations and otherwise fail to state claims upon which relief can be granted.[2] The plaintiffs were granted leave to amend their complaint on August 24, 1995, but the amendments were essentially typographical. Most of the defendants moved the court to consider their motions to dismiss the original complaint as applicable to the amended complaint, and the court will do so. Defendant McCarter filed a renewed motion to dismiss the amended complaint reiterating his grounds for dismissal of the original complaint.

The complaint in this matter alleges that on October 22, 1991, Sheriff Penning and Deputy Sheriff Tordoff conducted a search of a building in Reinbeck, Iowa, leased by David Powell from Lincoln Savings Bank, which Robert DePugh had once owned, used as a residence, and from which he had conducted a business.[3] Mr. DePugh had left some personal property in the premises. The sheriff and his deputy were purportedly acting on a tip from Gerald Monk that John Stull had been through the building and had there discovered two cardboard boxers containing material which Stull "had 'determined' to be contraband." Sheriff Penning obtained a search warrant for the premises from Magistrate McCarter to search for and seize a "storage box approximately 3 feet × 15 inches containing 'Minute Men' literature and a box containing photographs of models, cassette tapes, film and address book . . . being

kept . . . in the possession of David Powell." Penning and Tordoff seized the following items from the premises, all of which are alleged to be the property of Robert DePugh: 1) a cardboard box with film, video, pictures, and address book; 2) a plastic basket with film and miscellaneous papers or receipts; 3) a letter from Mrs. Hazel Dennison to Mr. DePugh; and 4) a cardboard box with Minute Men literature inside.

## II. LEGAL ANALYSIS

### A. Standards For Rule 12(b)(6) Motions To Dismiss

A motion to dismiss may be made, *inter alia*, for "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P.* 12(b)(6). A motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. *Fed.R.Civ.P.* 12(b).[4] Such motions "can serve a useful purpose in disposing of legal issues with the minimum of time and expense to the interested parties." *Hiland Dairy, Inc. v. Kroger Co.,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of the plaintiff's claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *United States v. Aceto Agricultural Chem. Corp.,* 872 F.2d 1373, 1376 (8th Cir.1989).

In considering a motion to dismiss under *Rule* 12(b)(6), the court must assume that all facts alleged in the plaintiff's com-

**2.** This matter comes before the court pursuant to the June 16, 1995, motion to dismiss of defendants Ron Tordoff, Rick D. Penning, Todd A. Geer, and Tim Wolthoff; the June 20, 1995, motion to dismiss of defendant Gerald R. Monk; the June 28, 1995, motion to dismiss of defendant John W. Stull; the August 3, 1995, motion to dismiss of defendant John L. McCarter and that same defendant's August 29, 1995, motion to dismiss the plaintiffs' amended complaint.

**3.** The factual background to this complaint has been considered in some detail in related litigation by Mr. DePugh against some of these same

defendants. *See DePugh v. Penning,* 888 F.Supp. 959 (N.D.Iowa 1995).

**4.** However, where on a Rule 12(b)(6) motion to dismiss "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Fed.R.Civ.P.* 12(b)(6). No other materials have been offered in support of the motion to dismiss in this case. Therefore, the motion to dismiss will not be disposed of as provided in Rule 56, but only according to the standards stated herein.

plaint are true, and must liberally construe those allegations. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court is mindful that in treating the factual allegations of a complaint as true pursuant to Rule 12(b)(6), the court "do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987), and 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 595–97 (1969)); *see also LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1103 (6th Cir.1995) (the court "need not accept as true legal conclusions or unwarranted factual inferences," quoting *Morgan,* 829 F.2d at 12). Thus, the court need not and will not take as true merely conclusory allegations; rather, the court will consider whether the *facts* alleged in the complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. *Westcott,* 901 F.2d at 1488.

▮ "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). Thus, it is only in the "unusual case" where the complaint on its face reveals some insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted. *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982).

▮ The plaintiffs here filed both their original complaint and the amended complaint *pro se.* Thus, the court must also be mindful of its oft-stated obligation to treat *pro se* pleadings to liberal construction. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam) (allegations in a *pro se* complaint are entitled to a liberal construction); *Mellott v. Purkett,* 63 F.3d 781, 785 (8th Cir.1995) (*pro se* pleadings must be given "appropriate lib-

eral construction"); *Edgington v. Missouri Dep't of Corrections,* 52 F.3d 777, 779 (8th Cir.1995) (allegations of a *pro se* complaint are entitled to a liberal construction); *Smith v. St. Bernards Regional Medical Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994). However, the liberality of such construction is not limitless: a *pro se* complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it is based on "an indisputably meritless legal theory" or if the factual contentions are "clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Robinson v. Cavanaugh,* 20 F.3d 892, 893 (8th Cir.1994) (per curiam). Furthermore, complaints seeking damages against governmental officials are subject to a heightened standard of pleading with sufficient specificity to put defendants on notice of the nature of the claim. *Edgington,* 52 F.3d at 779; *Brown v. Frey,* 889 F.2d 159, 170 (8th Cir.1989) (heightened standard applies to enable government officials to prepare response and, where appropriate, summary judgment motion on qualified immunity grounds), *cert. denied,* 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990).

The parties have argued whether plaintiffs have or have not stated claims upon which relief can be granted, at least in the first instance, in terms of whether those claims are time-barred. However, before turning to whether any of the plaintiffs' claims are time-barred, the court finds that there is a flaw in the assertion of any claims under the Privacy Protection Act of 1980 (PPA), 42 U.S.C. § 2000aa–2000aa–12, in this case that is at least as fundamental, and therefore fatal, as failure to bring those claims within the applicable limitations period would be.

### B. Standing

▮ The fatal flaw the court perceives in the assertion of claims pursuant to the PPA in this case is the lack of standing of the only plaintiff who has made such claims here, Mr. DePugh. The legislative history of the PPA is dispositive on the issue of who has standing to state a claim under that Act:

> It is not the intent of this proposed legislation to expand current law concerning which persons have standing to bring an

action for an unlawful search or seizure. Thus, if materials are seized in violation of this statute, *it would be the person in possession of the materials, and not the party to whom the information related— the criminal suspect—who would have standing to bring an action under these provisions.* The goal of the statute is to protect innocent third parties in possession of documents and papers from governmental intrusions which would unnecessarily subject their files and papers to search and seizure. Consequently, *it is these persons [innocent third parties] who may avail themselves of the remedy provided by the statute.*

S.Rep. No. 874, 96th Cong., 2d Sess.1980, 1980 U.S.Code Cong. & Admin.News 3950, 1980 WL 13002 (Leg.Hist.) (discussion of civil action provision, Section 106(a), 42 U.S.C. § 2000aa–6(a); emphasis added). Although the complaint in this matter alleges that all of the property seized was property of Mr. DePugh, it also alleges that the property seized was in the possession of Mr. Powell, the person in possession of the searched premises. Therefore, Mr. DePugh does not have standing to pursue any claim under the PPA. The court finds that, even applying a liberal construction to *pro se* pleadings, *Haines,* 404 U.S. at 520, 92 S.Ct. at 595; *Mellott,* 63 F.3d at 785; *Edgington,* 52 F.3d at 779, Mr. Powell has asserted no such claim. For this reason alone, the PPA claims must be dismissed for failure to state a claim upon which relief can be granted.

## C. Statute Of Limitations

All defendants contend that all claims are time-barred under the applicable statute of limitations, which they assert is Iowa's two-year statute of limitations for personal injuries, Iowa Code § 614.1(2). They point out that the search from which all claims purportedly arose occurred on October 22, 1991, which is more than two years prior to the

filing of this lawsuit on April 24, 1995. They also point out that Mr. DePugh's previous lawsuit against some of these defendants, *DePugh v. Penning,* 888 F.Supp. 959 (N.D.Iowa 1995),[5] which was filed on October 12, 1993, was timely and that there is no reason all of the claims asserted here could not have been asserted then.

Mr. DePugh and Mr. Powell argue, first, that the statute of limitations applicable to their Privacy Protection Act claims is not Iowa's two-year personal injury statute, but the five-year statute of limitations under Iowa Code § 614.1(4) for injuries to property. They also argue that the present claims are different from those asserted in Mr. DePugh's previous lawsuit, that nothing compelled them to bring all of their claims against these defendants at that time, and that the present claims did not accrue until long after the occurrence of the search from which the claims arose. Specifically, they argue that they did not discover their § 1983 claims against defendants Tordoff and Wolthoff until January 17, 1994, when they first learned of the involvement of these defendants in the October 22, 1991, search via discovery in Mr. DePugh's prior litigation. They also assert that they did not learn of the seizure in the October 22, 1991, search of 126 items not listed in the search warrant inventory until October 11, 1994, which they assert is the earliest date on which their claims against all defendants arising from seizure of these items accrued. As to their § 1985(3) and § 1986 conspiracy claims, plaintiffs assert that the conspiracies are ongoing, because the defendants have still not taken any action to expose or defeat the conspiracies, and therefore the statute of limitations for these claims has not yet begun to run.

### 1. Applicable statute of limitations

Section 1983 contains no statute of limitations, *Wilson v. Garcia,* 471 U.S. 261, 280,

**5.** In *DePugh v. Penning,* 888 F.Supp. 959 (N.D.Iowa 1995), this court, on cross-motions for summary judgment, found defendant Penning liable for violation of Mr. DePugh's Fourth Amendment right to be free of unreasonable searches and seizures. The court found that the warrant obtained by Sheriff Penning for the search of the building in Reinbeck, Iowa, was devoid of probable cause and that the sheriff lacked any grounds for a warrantless search. *Id.* The court also concluded that Sheriff Penning was not entitled to qualified immunity and directed that further proceedings would be held to determine damages for the violation of Mr. DePugh's constitutional rights. *Id.*

105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985), nor do any of the other federal statutes in question here, and no federal statute of limitations governs such actions. *Board of Regents, Univ. of New York v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Carr v. Aubuchon,* 969 F.2d 714, 716 (8th Cir.1992). When such a void in federal statutory law occurs, federal courts have repeatedly "borrowed" the state laws governing an analogous cause of action. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Kansas Pub. Emp. Retirement Sys. v. Reimer & Koger Assocs., Inc.,* 61 F.3d 608, 611 (8th Cir.1995) (hereinafter *"KPERS"*) (in federal question case, where there is no federal statute of limitations, the federal court will borrow the forum state's limitations laws, if not inconsistent with federal law or policy).

### a. Claims pursuant to §§ 1983, 1985, and 1986

■ Courts have applied the personal injury statute of limitations of the state in which the court sits to constitutional claims brought pursuant to § 1983. *Schanou v. Lancaster County Sch. Dist. No. 160,* 62 F.3d 1040, 1043 (8th Cir.1995) (parties and court agreed that Nebraska's four-year statute of limitations for personal injuries applied to action pursuant to § 1983); *Sanchez v. United States,* 49 F.3d 1329, 1330 (8th Cir.1995) (holding that both *Bivens* claims and § 1983 claims are governed by the statute of limitations for personal injuries of the forum state, and noting that the applicable statute, Iowa's personal injury statute of limitations, Iowa Code § 614.1(2), provides for a limitations period of two years); *Owens v. Okure,* 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia,* 471 U.S. at 280, 105 S.Ct. at 1949; *Penn v. Iowa State Bd. of Regents,* 999 F.2d 305, 307 (8th Cir. 1993) (applying Iowa's two-year personal injury statute, citing *Wilson* ); *Davis v. Ross,* 995 F.2d 137, 138 (8th Cir.1993) (*per curiam* ) (applying Iowa's two-year personal injury statute of limitations, citing *Wycoff v. Menke,* 773 F.2d 983, 984 (8th Cir.1985), *cert. denied,* 475 U.S. 1028, 106 S.Ct. 1230, 89

L.Ed.2d 339 (1986)); *Kaster v. State of Iowa,* 975 F.2d 1381, 1382 (8th Cir.1992) (Iowa's two-year personal injury statute of limitations applies to a § 1983 action); *Carr,* 969 F.2d at 716 (applying Missouri's five-year personal injury statute); *Lown v. Brimeyer,* 956 F.2d 780, 781 (8th Cir.) (Iowa's two-year personal injury statute applies to § 1983 claims, citing *Wycoff* ), *cert. denied,* 506 U.S. 860, 113 S.Ct. 176, 121 L.Ed.2d 122 (1992); *Bridgeman v. Nebraska State Penitentiary,* 849 F.2d 1076, 1077 (8th Cir.1988) (applying Nebraska's four-year personal injury statute to § 1983 claim, thus applying *Wilson* retroactively); *Chandler v. Presiding Judge, Callaway County,* 838 F.2d 977, 978–79 (8th Cir.1988) (applying Missouri's five-year personal injury statute of limitations); *Hughes v. Sheriff of Fall River County Jail,* 814 F.2d 532, 533 (8th Cir.) (applying South Dakota's three-year personal injury statute to § 1983 claim), *appeal dismissed and cert. denied,* 484 U.S. 802, 108 S.Ct. 46, 98 L.Ed.2d 10 (1987); *Wycoff,* 773 F.2d at 984; *DePugh v. Smith,* 880 F.Supp. 651, 659 (N.D.Iowa 1995) (applying Iowa's two-year personal injury statute of limitations to one of the present plaintiff's § 1983 claims in other litigation). This same two-year statute of limitations also applies to plaintiffs' causes of action pursuant to §§ 1985 and 1986. *Penn,* 999 F.2d at 307 (applying Iowa's two-year statute of limitations for personal injuries to claims pursuant to §§ 1983 and 1985); *Kaster,* 975 F.2d at 1382 (Iowa's same two-year statute of limitations applies to actions pursuant to §§ 1983, 1985, and 1986, in part because a § 1986 claim is derivative of a § 1985 claim).

Therefore, in this case, the plaintiffs' claims pursuant to §§ 1983, 1985, and 1986 are governed by the personal injury statute of the state of Iowa. The applicable statute of limitations is Iowa Code § 614.1(2). That statute provides, in pertinent part:

### 614.1 Period.

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

\* \* \* \* \* \*

2. *Injuries to person or reputation— relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

Iowa Code § 614.1(2). The plaintiffs' claims were undeniably filed more than two years after the search of which they complain occurred. The question here, however, is whether plaintiffs' claims pursuant to §§ 1983, 1985, and 1986 are time-barred under the applicable statute of limitations because their complaint was filed more than two years after their causes of action *accrued.* Before turning to that question, the court will consider what statute of limitations is applicable to claims under the Privacy Protection Act of 1980 (PPA), 42 U.S.C. § 2000aa–2000aa–12, assuming for the purposes of this section that one or the other of the plaintiffs has standing to pursue such claims and that a plaintiff with standing has asserted such claims.

### b. Claims pursuant to the Privacy Protection Act of 1980

 The question of what statute of limitations is applicable to causes of action under the PPA has not been decided in any published opinion in this circuit,[6] nor, so far as this court can tell, in any other circuit. The PPA does not state a statute of limitations for claims brought pursuant to its provisions. The court's quest, therefore, is for the Iowa statute of limitations governing an analogous cause of action, and that statute of limitations will be applied here unless it is inconsistent with federal law or policy. *Johnson,* 421 U.S. at 454, 95 S.Ct. at 1717; *O'Sullivan,* 233 U.S. at 318, 34 S.Ct. at 596; *KPERS,* 61 F.3d at 611.

The defendants assert that the same statute of limitations should govern the PPA claims as governs the civil rights claims brought pursuant to §§ 1983, 1985, and 1986, that is, Iowa's two-year personal injury stat-

ute in 614.1(2). Defendants proffer no reasoning in support of that assertion, however. The plaintiffs contend that their PPA claims are "most analogous" to claims for "the unlawful taking away of goods and chattels" or "injuries to property." Thus, they argue that the proper Iowa statute of limitations applicable to their PPA claims is Iowa Code § 614.1(4), which states as follows:

**614.1 Period.**

Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

\* \* \* \* \* \*

4. *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years, except as provided in subsections 8 [ (wages) ] and 10 [ (secured interest in farm products) ].

The court finds plaintiffs' contentions concerning the applicable statute of limitations to be wholly untenable.

It is apparent from the purpose of the PPA that the "most analogous" state cause of action is not one for injuries to *property,* but one for injuries to personal rights. In Senate Report No. 96–874, the Committee on the Judiciary reported the purpose of the PPA to be the following:

The Committee Bill, as amended, *affords the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment.* This legislation was prompted by *Zurcher v. Stanford Daily,* 436 U.S. 547 [98 S.Ct. 1970, 56 L.Ed.2d 525] (1978), which involved the search of a student newspaper for evidence of a crime.

---

**6.** Although the Eighth Circuit Court of Appeals may have had the opportunity to address the applicable statute of limitations in an unreported, but related case, it did not do so. *DePugh v. A & A Photo Serv. Co.,* 61 F.3d 908 (Table), 1995 WL 416209 (8th Cir.1995) (dismissing § 1983

claims as time-barred, but not addressing statute of limitations as to Privacy Protection Act claim). Instead, it concluded that Mr. DePugh's Privacy Protection Act claim could not be asserted against private parties. *Id.*

*Stanford Daily* held that the Fourth Amendment does not confer any special protections against search and seizure for the possessor of documentary evidence who is not himself a suspect in the offense under investigation. It further held that the First Amendment does not provide the press with any constitutional protection against police search. *The Committee believes that the search warrant procedure in itself does not sufficiently protect the press and other innocent third parties and that legislation is called for.* Specifically, the Committee is concerned that use of the warrant process in such cases will allow the government to invade *the personal privacy of nonsuspects* in instances where a less intrusive means of obtaining material—either voluntary compliance or a subpoena—will achieve the same goal....

The purpose of S. 1790 [the version of the bill passed as the PPA] is not to interfere with the obtaining of evidence, but, rather to direct the means by which it is obtained. In this regard, the Committee believes that *S. 1790 achieves a balance between the historic privacy interests of individual citizens and legitimate societal interests in investigating and prosecuting wrongdoers.*

S.Rep. No. 874, 96th Cong., 2d Sess.1980, 1980 U.S.Code Cong. & Admin.News 3950, 1980 WL 13002 (Leg.Hist.) (emphasis added). It is obvious from this recitation of the purpose of the PPA that Congress's intent in passing the Act was not to provide a cause of action for the carrying away of *property,* as plaintiffs would have it. Instead, Congress's purpose was to provide special protections similar to but greater than those afforded by the First and Fourth Amendments and warrant procedures for the *privacy rights* of nonsuspects, particularly the press, in possession of documentary evidence. *Id.* (see Purpose Of The Amendment, quoted in pertinent part above, and discussion of Section 106(A), 42 U.S.C. § 2000aa–6, which states that "[t]he goal of the statute is to protect innocent third parties in possession of documents and papers from governmental intrusions which would unnecessarily subject their files and papers to search and seizure."); *United States v. Mittelman,* 999 F.2d 440,

443 (9th Cir.1993) ("The Privacy Protection Act, 42 U.S.C. § 2000aa–11(a)(3), demands a general "recognition of special concern for privacy interests in cases in which a search ... would intrude upon a known confidential relationship such as that which may exist between ... lawyer and client."); *Citicasters, Inc. v. McCaskill,* 883 F.Supp. 1282, 1290 (W.D.Mo.1995) ("The primary purpose of the Act ... is to protect persons engaged in First Amendment activities from seizure of materials."). Indeed, the entire discussion of the rights at issue under the PPA in both the Senate Report and the *Zurcher* decision which prompted congressional action is in terms of privacy rights, or rights of citizens to be free from unreasonable search and seizure, the Fourth Amendment, and the First Amendment, not in terms property rights and possessory interests in chattels. *See Zurcher,* 436 U.S. at 565, 98 S.Ct. at 1981.

Thus, for substantially the same reasons as the Supreme Court found justified application of a state's personal injury statute to actions pursuant to § 1983 in *Wilson,* 471 U.S. at 276–80, 105 S.Ct. at 1947–49 (violation of civil rights sounds in tort, not contract or property), the court holds that the statute of limitations applicable to an action pursuant to the PPA is a state's statute providing the limitations period for tort or personal injury actions. In this case, the applicable statute of limitations is the two-year statute of limitations in Iowa Code § 614.1(2).

### 2. *Accrual of claims*

 Having determined the statute of limitations applicable to each of the claims presented here, the court must now determine whether the plaintiffs asserted their claims within the limitations period. Because, as the court observed above, the complaint in this matter was undeniably filed more than two years after the search from which all claims arise, the court is concerned with when plaintiffs' claims accrued. Although courts may have to look to state law to determine the applicable limitations period, federal law governs when a cause of action under a federal statute accrues. *See, e.g., Board of Regents v. Tomanio,* 446 U.S.

478, 484–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980); *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951, 955 (4th Cir.1995) (accrual of civil rights action governed by federal law); *K.E.S. v. United States,* 38 F.3d 1027, 1029 (8th Cir.1994) (accrual under Federal Tort Claims Act is a question of federal law); *Slaaten v. United States,* 990 F.2d 1038, 1041 (8th Cir.1993) (accrual of FTCA claim is a question of federal law); *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir.1993); *Day v. Moscow,* 955 F.2d 807, 813 (2d Cir.) (accrual of § 1983 claim is a matter of federal law), *cert. denied,* 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992); *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989) (same); *Lavellee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980) (same).

 Under federal law, the statute of limitations does not begin to run until the plaintiff knows or has reason to know of the injury which is the basis of the action. *Nasim,* 64 F.3d at 955 (accrual of civil rights claim determined by when plaintiff knew or had reason to know of harm constituting basis for action); *K.E.S.,* 38 F.3d at 1029 (FTCA claim generally accrues at the time of the plaintiff's injury, unless the plaintiff is in "blameless ignorance" of the injury, in which case the cause of action does not accrue until the plaintiff knows of the fact of the injury and its cause); *Slaaten,* 990 F.2d at 1041 ("A claim 'accrues' when the plaintiff knows or reasonably should know both the existence and cause of the injury," citing *United States v. Kubrick,* 444 U.S. 111, 121–23, 100 S.Ct. 352, 359–60, 62 L.Ed.2d 259 (1979)); *Gartrell,* 981 F.2d at 257 (rule for accrual of § 1983 claim is when plaintiff knows or has reason to know of the injury, citing *Lavellee,* 611 F.2d at 1131); *Burrell,* 883 F.2d at 418 (same for § 1983 claim); *and compare Bressler v. Graco Children's Prod., Inc.,* 43 F.3d 379 (8th Cir.1994) (under Iowa law, a cause of action accrues when plaintiff knows or should reasonably have discovered the injury and its cause). However, where the plaintiff knows of the events giving rise to a claim at the time the events complained of occur, the statute of limitations begins to run on the date those events occur, not at the conclusion of any other proceedings the plaintiff may first pursue to redress his or her injury.

*Davis,* 995 F.2d at 138 (§ 1983 claim accrued at time of alleged assault during arrest); *Kaster,* 975 F.2d at 1382 (§ 1983 claim accrued at time of search and seizure, not at conclusion of state court proceedings); *see also Moore v. McDonald,* 30 F.3d 616, 620–21 (5th Cir.1994) (§ 1983 claim for an illegal search accrued on day of search). Nor is it necessary for the plaintiff to know that the claim is legally redressable or the extent, seriousness, or permanence of any injury, for the statute of limitations to start running if the plaintiff knows of the harm and its cause. *K.E.S.,* 38 F.3d at 1029–30. The Eighth Circuit Court of Appeals looks to the face of the complaint in a § 1983 action to determine when the claims of deprivations of constitutional rights accrued. *Penn,* 999 F.2d at 307 (looking to face of complaint to determine when due process and equal protection claims accrued, and finding such claims time-barred). Accrual must be determined in the light of the surrounding circumstances. *Slaaten,* 990 F.2d at 1041; *United States v. LePatourel,* 593 F.2d 827, 830 (8th Cir.1979). Because this and the other rules stated here are generally applicable to the accrual of federal claims, this court concludes that the same rules should apply to determining when a PPA claim accrued.

Turning to the plaintiffs' claims pursuant to § 1983, it is apparent from the face of the complaint, *Penn,* 999 F.2d at 307, and the surrounding circumstances alleged there, *Slaaten,* 990 F.2d at 1041, that all such claims are indeed time-barred. The complaint alleges harm suffered as a result of a search on October 22, 1991, and that Mr. Powell was in possession of the premises searched at the time of the search. Thus, the plaintiffs either knew or should have known of their injury, an allegedly improper search and seizure, and the cause of that injury, issuance and execution of a warrant for that search and seizure, at the time the search occurred. *Kaster,* 975 F.2d at 1382 (§ 1983 claim accrued at time of search and seizure, not at conclusion of state court proceedings); *see also Moore,* 30 F.3d at 620–21 (§ 1983 claim for an illegal search accrued on day of search). Plaintiffs' assertions that they did not know of the seizure of some of

the items until January of 1994 is unavailing, because they knew or should reasonably have known of the search and seizure at the time they occurred, even if they did not know the extent of the seizure. *K.E.S.*, 38 F.3d at 1029–30. Nor does their assertion that they only identified some of the defendants in January of 1994 show that their claims against those defendants did not accrue at the time of the search. One of the plaintiffs brought similar claims arising from the search in question here in other litigation in which he named "John Doe" defendants. The Eighth Circuit Court of Appeals has held that where a plaintiff is unable to ascertain the identity of some of the defendants, the plaintiff may sue "John Doe" defendants to preserve a cause of action, but where the plaintiff does not do so, the district court may properly dismiss later claims brought against such a defendant that arise from the same circumstances. *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir.1994). To put it simply, although nothing may have compelled the plaintiffs to bring all of their present claims against all of the present defendants in the companion litigation which was filed before expiration of the statute of limitations, the fact that they did not do so here is fatal to their claims, because those claims have not here been brought in timely fashion. All § 1983 claims arising from this assertedly illegal search are therefore time-barred under the applicable two-year statute of limitations and must be dismissed, because the claims were not filed until almost four years after the search occurred.

For the same reasons, assuming a proper plaintiff had presented or could present claims pursuant to the PPA in this case, the court finds that those claims are also time-barred. It was at the time of the search that the plaintiffs knew or reasonably should have known of their injury, even if they did not know such an injury might be redressable pursuant to the PPA, and did not know the extent of the search and seizure that assertedly violated the PPA. *K.E.S.*, 38 F.3d at 1029–30. The PPA claims must also be dismissed.

Plaintiffs assert that their conspiracy claims and claims of failure to thwart a conspiracy, pursuant to §§ 1985(3) and 1986, respectively, are not time-barred, because the conspiracy and failure to thwart the conspiracy are on-going. However, the court concludes that the pleadings of conspiracy and failure to thwart a conspiracy are both inadequate and time-barred.[7] The statute of limitations on a civil rights conspiracy claim generally begins to run at the time of the last overt act in furtherance of the conspiracy. *Bergschneider v. Denver*, 446 F.2d 569, 569 (9th Cir.1971). However, the accrual of such conspiracy claims is also subject to the "knew or should have known" rule. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.) (statute of limitations on civil rights conspiracy claim begins to run on date claim accrues, not date conspiracy commences), *cert. denied*, —— U.S. ——, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994); *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir.1990) (same); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988) (claim alleging sheriff's conspiracy to deny claimant a fair trial accrued not upon conviction but upon the later discovery of sheriff's allegedly improper conduct). The court concludes that these same rules apply to the determination of whether the limitations period on a § 1986 claim of failure to thwart a conspiracy has run, because such a claim is derivative of a civil rights conspiracy claim. *Kaster*, 975 F.2d at 1382 (Iowa's same two-year statute of limitations applies to actions pursuant to §§ 1983, 1985, and 1986, in part because a § 1986 claim is derivative of a § 1985 claim).

Here, on the face of the complaint, *Penn*, 999 F.2d at 307, and the surrounding circumstances alleged there, *Slaaten*, 990 F.2d at 1041, there have been no overt acts in furtherance of the conspiracy nor any acts of failure to thwart a conspiracy since the search occurred and therefore the statute of limitations on the conspiracy and derivative claims would generally be deemed to have run before the filing of a complaint four years after the occurrence of the last overt act alleged. *Bergschneider*, 446 F.2d at 569. Furthermore, the court has already conclud-

---

7. Because the court concludes that these claims are time-barred, the court does not address

whether they otherwise fail to state a claim upon which relief can be granted.

ed that the plaintiffs either knew or should have known of this overt act at the time it occurred. Thus, the conspiracy and derivative claims accrued at the time of the search to which these claims relate. *Hunt,* 17 F.3d at 1266; *Robinson,* 895 F.2d at 654–55; *Freeze,* 849 F.2d at 175. Because these claims accrued almost four years before suit was filed, these claims are time-barred under the applicable two-year statute of limitations.

 Whether a conspiracy claim has accrued may also depend upon the nature of the conspiracy alleged. In *Robinson v. Maruffi,* 895 F.2d 649 (10th Cir.1990), the Tenth Circuit Court of Appeals held that a claim of conspiracy made up of discrete acts, in that case, false arrest and false imprisonment, that were essential to the principal wrongful act alleged, malicious prosecution, accrued at the same time as the claim for the principal wrongful act. *Robinson,* 895 F.2d at 654–55; *see also Brandley v. Keeshan,* 64 F.3d 196, 199 (5th Cir.1995) (citing *Robinson* ); *and compare Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir.1995) (allegations of civil rights conspiracy cannot salvage § 1983 claims for individual wrongful acts that are otherwise time-barred). In this case, the conspiracy is alleged to be the discrete acts of the various defendants in seeking, issuing, obtaining, and executing a warrant lacking probable cause, resulting in the principal wrong, an illegal search. The court concludes that the conspiracy and derivative claims therefore all accrued on the date of the illegal search. *Robinson,* 895 F.2d at 654–55. Therefore, because these claims accrued almost four years prior to the filing of the complaint in this matter, they are time-barred under the applicable two-year statute of limitations, Iowa Code § 614.1(2).[8]

### III. CONCLUSION

The court concludes that this complaint must be dismissed in its entirety for failure

to state a claim upon which relief can be granted. Although the parties did not raise the issue, the court finds that the only plaintiff to assert a claim under the Privacy Protection Act of 1980 does not have standing to assert such a claim. Thus, all PPA claims must be dismissed for failure to state a claim upon which relief can be granted.

Turning to grounds for dismissal asserted by the defendants, the court finds ample authority to conclude that the statute of limitations applicable to the plaintiffs' claims pursuant to §§ 1983, 1985(3), and 1986, is Iowa's two-year personal injury statute of limitations, Iowa Code § 614.1(2). Assuming that a plaintiff could be found who had standing and had asserted a PPA claim, the court also considered the statute of limitations applicable to such a claim. Contrary to plaintiffs' assertion that a five-year statute of limitations for injuries to property governs their claims pursuant to the PPA, the court concludes that the state cause of action most analogous to PPA claims is also a cause of action for personal injury. Therefore the PPA claims are governed by the same statute of limitations as claims pursuant to §§ 1983, 1985(3), and 1986. Applying this statute of limitations, the two-year statute of limitations in Iowa Code § 614.1(2), the court finds that all of the claims asserted are time-barred. All of the claims presented here accrued at the time of the allegedly illegal search, the date on which the plaintiffs either knew or should have known of their injuries and the causes of those injuries, but the complaint was not filed until more than two years after the search occurred. The defendants' motions are granted and the complaint in this matter is dismissed in its entirety.

**IT IS SO ORDERED.**

8. As a further matter, courts generally reject outright conspiracy claims that are " 'conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive [the plaintiff] of his [or her] constitutional rights.' " *Pinaud,* 52 F.3d at 1156 (quoting *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993)). Similarly, they reject conspiracy allegations that fail to allege specific facts showing agreement and concerted action among the defendants.

*Hunt,* 17 F.3d at 1266; *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir.1989); *see also Westcott,* 901 F.2d at 1488 (conclusory allegations need not be taken as true on motion to dismiss). Here, the claims of conspiracy and the derivative claims of failure to thwart a conspiracy suffer from precisely these failings. Thus, even were they not time-barred, the court concludes that these claims fail to state claims upon which relief can be granted.