_____

No. 96-1923
_____

Rosemary Dodd,                         *
                                       *
        Appellant,            *
                                       * Appeal from the United
    v.                                 * States District Court for
                                       * the Eastern District of
Marvin Runyon,                * Missouri
                                       *
        Appellant.            *

_____

Submitted: December 12, 1996

Filed: May 23, 1997
_____

Before WOLLMAN and MURPHY, Circuit Judges, and TUNHEIM,[1] District Judge.
_____

TUNHEIM, District Judge.


        Rosemary Dodd appeals the order of the district court granting summary judgment for appellee Marvin Runyon, Postmaster General of the United States Postal Service, on her claims of sex and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., (Title VII), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., (ADEA), and the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 (MHRA).  Dodd alleges the Post Office promoted a younger man instead of her to the position of carrier on the Auxiliary Route, despite her seniority, because of discrimination on the basis of sex and age.  Appellee argues that Dodd was a member of

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

the clerk craft and was denied these promotions pursuant to a bona fide seniority system because she lacked seniority in the carrier craft. We reverse and remand.

**FACTS**

The United States Post Office in Wellsville, Missouri has two mail routes. A full time mail carrier serves City Route I, and the Auxiliary Route is served by a part-time employee who has also sorted mail. Rosemary Dodd began working for the Post Office in Wellsville on March 6, 1978 in a part-time position. Her responsibilities included sorting mail, carrying mail on City Route I on Saturdays, and carrying mail on both routes when a regular carrier was absent. She performed her work ably, and she was commended for her attendance record.

Dodd states that when she was hired she was told that she would be a part-time flexible "clerk-carrier" and that her duties would include carrying mail. To become eligible for this position, Dodd took an examination entitled the "Post Office Clerk-Carrier Written Examination." On the Notice of Rating sent to Dodd regarding her performance on this test, her "Job Choice" is identified as "Carrier Only." When Dodd was appointed, the local newspaper reported that she had been "hired as a substitute city carrier and clerk at the Wellsville post office." The same article describes her predecessor as a "substitute carrier-clerk." The newspaper later featured a photograph of Dodd carrying a mailbag above the caption: "NEW CARRIER -- Mrs. Rosemary Dodd, newly appointed carrier-clerk substitute at the Wellsville Post Office, is the first city carrier sub of the local office." These articles reinforced Dodd's impression and understanding that she had been hired as a letter carrier as well as a clerk.

Two major unions represent employees of the Postal Service. These are the National Association of Letter Carriers (NALC), which represents carriers, and the American Postal Workers Union (APWU). In 1980, Dodd joined the NALC, and she remained a dues paying member at all times until November 1993. She served as the shop steward for the Wellsville local of the NALC during a period of time in the 1980s. In November 1993, the Secretary-Treasurer of the NALC sent a letter to the Postal Service requesting the cancellation of withholding of Dodd's dues on the grounds that she had "transferred to the clerk craft and is now a member of the American Postal Workers Union."

Despite the forgoing evidence that Dodd was hired as a carrier, the Notification of Personnel Action known as the "Form 50" dated March 6, 1978, which records Dodd's appointment, states that she was a "Distribution and Window Clerk." All of Dodd's later Notification of Personnel Actions also state that she was a "Distribution and Window Clerk."

In October 1983, the Postal Service provided Dodd with a Duty Assignment Notice/Confirmation of Assignment, which describes her position as "Part Time Flexible Clerk/Carrier." In contrast, the 1985 Duty Assignment Notice/Confirmation of Assignment states that Dodd was a "P.T. Flexible Clerk." Dodd signed both of these contradictory notices, indicating that she received them.

On August 1, 1987, the postmaster at Wellsville hired Paul Johnson, a man who is thirteen years younger than Dodd, as a substitute carrier. He was assigned initially to substitute carry on Saturdays on City Route I and to sort mail. His duties were identical to those Dodd performed when she was first hired nine years earlier. Nonetheless, he was hired as a carrier, and his Form 50 reflects this designation.

Dodd claims that she did not see the contents of her personnel file until 1989, when she was informed that she could not bid on

the Auxiliary Route assignment.  She alleges that she did not know that she was a clerk until August 1987, after Paul Johnson was hired.  To the contrary, she had always believed that her job had been classified as a clerk/carrier.  She does not concede the authenticity of her personnel forms.

In 1989, the carrier for the Auxiliary Route announced he would retire in 1990.  It had been the practice in Wellsville that the most senior substitute carrier would be awarded this job when it became vacant.  Dodd was the most senior employee carrying mail in Wellsville in 1990.  She was the first female to reach this position.  The tasks required for the Auxiliary Route position were identical to those which Dodd had previously performed, but it offered the opportunity to work many more hours per week.

The postmaster in Wellsville told Dodd that she would not be permitted to bid on the Auxiliary Route job because it was a carrier position.  The postmaster called the personnel officer in Saint Louis, who advised that if Dodd were to change her craft status and become a carrier, she would begin with no seniority in that craft, so that Paul Johnson would obtain the Auxiliary Route assignment regardless of whether Dodd became a carrier.  The Postal Service took this position pursuant to its understanding of its joint collective bargaining agreement with the NALC and the APWU, which provides that "craft employees meeting the qualifications for [a posted] position shall be given first consideration."  Nonetheless, in small post offices such as Wellsville, it is the usual practice for employees in one craft to perform the duties of another craft, as needed.

On May 1, 1990, Dodd filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of age and sex seeking assignment to the Auxiliary Route position.  She did so without legal representation by completing a

-4-

form provided by the Postal Service.  She explained the situation resulting in her allegations as follows:

> I was hired as a clerk/carrier and am being denied a carrier position that is coming open.  Everyone before me was hired as clerk carrier and moved up to carrier jobs with more hours.  When I was hired I was told that it would be for carrying city mail.

The administrative complaint identifies February 2, 1990 as the date of the most recent alleged act of discrimination.  The form does not provide an opportunity to state when the discrimination began.  Dodd pursued her administrative remedies without success.  Dodd then initiated this proceeding in the Eastern District of Missouri.  The Complaint alleges the elements of the claims of age and sex discrimination without a recitation of the specific facts.  It alleges that Dodd "was denied the opportunity to advance herself in the postal service," and it asserts that "Defendant's conduct" was based upon improper motivation and that it caused damages.

Defendant moved for summary judgment.  The district court found that Dodd was not qualified for the promotions because she had no seniority in the carrier craft, regardless of when she learned of her clerk craft status.  It consequently found that Dodd had failed to establish an essential element of her prima facie case and granted summary judgment for defendant.  The district court rejected the contention that female employees are discriminatorily relegated to clerk craft positions because it found that Dodd did not make any such claim in the administrative proceedings or in her complaint.

On appeal, Dodd argues that she presented a prima facie case for sex and age discrimination as there are genuine issues of fact regarding whether she was qualified for the Auxiliary Route position and whether the Postal Service denied her promotion

pursuant to a bona fide seniority system.  Dodd also assigns error to the district court's decision that she had failed to bring any claim that women were discriminatorily relegated to clerk craft positions.

**STANDARD**

We review a grant of summary judgment <u>de novo</u>.  <u>Hardin v. Hussman Corp.</u>, 45 F.3d 262, 264 (8th Cir. 1995).  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Summary judgment is not appropriate if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Id</u>.  Summary judgment is mandated when, after adequate time for discovery and upon motion, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, on which that party would bear the burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In reviewing a grant of summary judgment, we are required to view the facts in a light most favorable to the nonmoving party, and the movant has the burden of establishing that no genuine issue of material fact remains and that the case may be decided as a matter of law.  <u>Buller v. Buechler</u>, 706 F.2d 844, 846 (8th Cir.

-6-

1983).  The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  <u>Vette Co. v. Aetna Casualty & Surety Co.</u>, 612 F.2d 1076 (8th Cir. 1980).  However, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but it must set forth specific facts by affidavits or otherwise showing that there is a genuine issue for trial.  <u>Burst v. Adolph Coors Co.</u>, 650 F.2d 930, 932 (8th Cir. 1981).

**ANALYSIS**

Under the familiar burden-shifting analysis set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), a plaintiff bringing claims of employment discrimination first must satisfy the burden of production by making a <u>prima facie</u> case.  To do so, Dodd must show that (1) she was a member of a protected group; (2) she applied and was qualified for an open position; (3) she was denied the promotion despite her qualifications; and (4) a male or younger person was hired to fill the vacancy.  <u>See</u> <u>Texas Dep't of Comm. Affairs v. Burdine</u>, 248 U.S. 248, 253-54, n.6 (1981) (sex discrimination under Title VII); <u>Rhinehart v. City of Independence, Mo.</u>, 35 F.2d 1263, 1264-66 (8th Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 1822 (1995) (age discrimination under the ADEA and MHRA).

The only dispute regarding the <u>prima facie</u> case is whether Dodd has raised a genuine issue that she was qualified for the carrier position. The district court found that the undisputed facts showed that Dodd was not qualified for the promotion because she lacked seniority in the carrier craft.  However, this critical fact is in dispute.  We cannot assume that the Postal Service's Form 50s are the only relevant evidence determining the craft to which Dodd was assigned.  There is evidence that the Postal Service informed Dodd that she was a carrier or a clerk/carrier.  This

includes documentary evidence in the form of the October 1983 Duty Assignment Notice/Confirmation of Assignment, which identifies Dodd as a "Part Time Flexible Clerk/Carrier." There is evidence that the local newspaper reported that Dodd was a carrier or clerk/carrier. The Postal Service also participated in furthering Dodd's impression she was a carrier by withholding her dues to the NALC, which represents carriers. It is undisputed that Dodd performed the tasks of both clerks and carriers, and that a younger man who was hired to perform the same work was designated a carrier and promoted accordingly.

Viewing the facts in the record in the light most favorable to Dodd, we conclude that there is a genuine factual dispute as to whether the Postal Service hired Dodd as a carrier. It follows that there is a genuine issue of fact regarding whether Dodd was qualified for the promotion she sought. Thus, summary judgment should not have been granted on the basis that Dodd had failed to make a prima facie case of discrimination on the basis of sex and age.

Once a plaintiff makes a prima facie case, the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action. Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. at 254.[2] If the employer does so, the burden shifts back to the plaintiff to demonstrate that the stated reason is actually a pretext for discrimination. Id. at 255-56. The burden of persuasion remains at all times on the plaintiff. Id. at 256.

---

[2] The district court did not reach the issue of whether appellee articulated a legitimate reason for promoting Johnson instead of Dodd. However, we address the issue because appellee raised it below and continues to maintain that summary judgment should be affirmed because the challenged decision was required by the collective bargaining agreement.

Dodd argues that a defendant has a higher burden where its reason for the adverse employment action involves an affirmative defense, and that reliance upon a bona fide seniority system is such an affirmative defense under §703(h) of Title VII, 42 U.S.C. § 2000e-2 (h).  See Firefighters for Racial Equality v. Bach, 611 F. Supp. 166, 172 (D. Col. 1985).  However, the Supreme Court has held that this provision does not create an affirmative defense; rather, it "delineates which employment practices are illegal and thereby prohibited and which are not."  Lorance v. AT&T Technologies, Inc., 490 U.S. 900, 908 (1989).

The effect of § 703(h) is that a plaintiff challenging an employment practice based upon a bona fide seniority system must prove discriminatory intent; proof of a disparate impact is insufficient.  Id. at 908-09.  To prove that an employment practice pursuant to a seniority system is not bona fide, a plaintiff must show either 1) that it was adopted or negotiated with a discriminiatory motive or purpose; or 2) that it was administered in an irregular or arbitrary way with intent to harm members of a protected class.  N.A.A.C.P. v. Detroit Police Officers Ass'n, 900 F.2d 903, 909-10 (6th Cir. 1990).

Under the particular facts of this case, the issue of whether the seniority system was administered with discriminatory intent can be subjected to a traditional burden-shifting analysis.  We caution that this may not always be true, and that the burden-shifting approach is not an inflexible standard applicable in all factual situations.  Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. at 253-54 n.6.

Appellee argues that Dodd was not promoted because she lacked seniority in the carrier craft and the collective bargaining agreement required the promotion of Johnson, who had seniority as a carrier. Appellee satisfied its burden of articulating this legitimate, nondiscriminatory reason for its decision, a reason

which is grounded in a seniority system.  To avoid summary judgment, Dodd must raise a genuine issue of fact that this asserted reason for denying her promotion is a pretext for intentional discrimination.

We find she has done so.  Given the conflicting messages the Postal Service sent regarding Dodd's craft assignment, a reasonable jury could infer that the Postal Service in Wellsville administered its seniority system in an irregular and arbitrary manner as a pretext for intentional discrimination.  One could reasonably infer that it is irregular and arbitrary to tell an employee she is a carrier or a clerk/carrier, pay her dues to the NALC, complete paperwork describing her as a carrier, a clerk, and a clerk/carrier, assign her work performed by both clerks and carriers, and then deny her a promotion on the grounds that she is not a carrier.  It follows that a reasonable jury could find that the Postal Service promoted a younger man not because of the operation of a bona fide seniority system, but because of an intent to discriminate based upon sex or age.  This genuine issue of pretext precludes summary judgment.

Finally, we agree with the district court that Dodd has not properly raised the question of whether the Postal Service discriminated against her when it assigned her to the clerk craft, assuming _arguendo_ that it did so when she was first hired.  See _United Air Lines v. Evans_, 431 U.S. 553 (1977).

The judgment is reversed and the matter is remanded to the district court for further proceedings consistent with this opinion.

A true copy.


Attest:

−10−

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.