# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1633

———————

|  |  |  |
|---|---|---|
| Theodore Knudsen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota, |
| United States of America, | * | Southern Division. |
| | * | |
| Appellee. | * | |

———————

Submitted:  December 12, 2000

Filed:  June 25, 2001

———————

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and LAUGHREY,[1] District Judge.

———————

LAUGHREY, District Judge.

Mr. Knudsen is a veteran who claims the Veterans Administration (VA) was negligent in treating his Post Traumatic Stress Disorder (PTSD).  He appeals the

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western and Eastern Districts of Missouri, sitting by designation.

District Court's[2] decision to grant summary judgment in favor of the government.

## I.  Factual Background

Theodore Knudsen served with distinction in the United States Army between 1967 and 1969.   He spent approximately one year in combat in Vietnam where he patrolled with an infantry division in unsecured enemy territory.  After his honorable discharge, Mr. Knudsen returned to South Dakota to pursue his education.

In 1982, while serving as superintendent of schools in Bowdle, South Dakota, Mr. Knudsen began having nightmares about his experiences in Vietnam.  As a result of these problems, he met with Dr. Zitzow, a psychologist who contracted with the VA to provide psychotherapy services to veterans suffering PTSD.  Mr. Knudsen had regular sessions with Dr. Zitzow and came to understand that his PTSD was "treatable but not curable".  J.A. 178.

In the spring of 1984, Dr. Zitzow moved out of the area.  Before leaving, he recommended that Mr. Knudsen continue counseling and helped him fill out a form to get additional counseling.  The form also asked if the applicant wanted an Agent Orange examination.  Approximately two months later, in July of 1984, an Agent Orange examination was conducted for Mr. Knudsen at a VA hospital in Sioux Falls, South Dakota.

After completing the Agent Orange exam, Mr. Knudsen went to the information desk at the VA Medical Center in Sioux Falls and asked where he could get treatment for his PTSD.  An unidentified woman at the desk said the VA did not have that service

---

[2]The Honorable Lawrence L. Piersol, U.S. District Judge for the District of South Dakota.

anymore and directed Mr. Knudsen to the Administration Building.[3] Mr. Knudsen went there and spoke with a second unidentified woman and asked how to file a claim and how to get counseling for PTSD. The woman notified him that the VA did not have that program. The VA eventually authorized additional counseling in response to the form which Mr. Knudsen had filled out with the help of Dr. Zitzow, but the VA did not notify Mr. Knudsen that additional counseling had been authorized. As a result, Mr. Knudsen did not have PTSD counseling from the spring of 1984 until 1992.

In March of 1992, Mr. Knudsen had to resign his job as superintendent of schools in Elgin, North Dakota after he was stopped from taking a gun to the home of a school board member with whom he was having conflict. In that same year he sought, and was provided, additional medical treatment by the VA for his PTSD. In 1995, however, he was informed by the VA doctors that he was permanently disabled as a result of PTSD. Had Mr. Knudsen received continued PTSD counseling in 1984, his permanent disability could have been avoided.

On January 12, 1998, Mr. Knudsen filed suit in the U.S. District Court for the District of South Dakota, seeking damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 to 2680. Mr. Knudsen made the following allegations in his Amended Complaint: (1) Dr. Zitzow "diagnosed Plaintiff as having PTSD and recommended that Plaintiff have continued therapy and possible inpatient treatment in an appropriate VA program to prevent his condition from becoming worse" ¶ 17, Amended Complaint. J.A. 34; (2) Because Dr. Zitzow was unable to continue Mr. Knudsen's care, he referred Mr. Knudsen to another VA program and helped him fill

---

[3]The facts concerning this encounter are in dispute as are several other facts in the case. However, because this is an appeal from an order granting summary judgment, the facts are viewed in the light most favorable to the non-movant, Mr. Knudsen. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 601 (1986), and *Black Clawson Co., Inc. v. Kroenert Corp.*, 245 F.3d 759, 763 (8th Cir. 2001).

out a claim for compensation and for additional counseling; (3) Mr. Knudsen presented the form to the VA, but the VA refused to file it and refused Mr. Knudsen's request for continued treatment. J.A. 35; (4) Mr. Knudsen was examined by VA medical personnel in Sioux Falls, South Dakota, and Mr. Knudsen told them that Dr. Zitzow had diagnosed him as having PTSD and had referred Plaintiff for additional counseling. J.A. 36.

Based on these allegations, Mr. Knudsen claimed in Count I of his Amended Complaint that the VA failed to provide him with needed counseling services, as required by law. In Count II, Mr. Knudsen alleged that the VA negligently failed to refer him for counseling services. J.A. 36-37. As the case progressed, Mr. Knudsen also alleged that the VA was vicariously liable for Dr. Zitzow's negligence in failing to refer Mr. Knudsen for additional counseling after Dr. Zitzow moved from the area.

On October 14, 1999, the District Court granted summary judgment in favor of the government. The District Court concluded that even if Dr. Zitzow negligently managed Mr. Knudsen's case, the VA was not responsible for his actions because Dr. Zitzow was an independent contractor, not an employee. The District Court also held that there was no evidence to support a negligence claim against VA medical personnel because Mr. Knudsen admitted in his deposition that he did not tell any VA medical doctors that he had been referred for counseling, or asked them for additional treatment, or was ever refused additional treatment by VA medical staff. As to the allegation that VA administrative personnel were negligent because they refused to give Mr. Knudsen a referral when he inquired or when they told him no treatment was available, the District Court found that the claim was barred by the two-year statute of limitations.

On appeal, Mr. Knudsen argues that summary judgment should not have been granted in favor of the government because (1) Dr. Zitzow was an employee of the VA and not an independent contractor; (2) the VA was itself negligent for failing to meet the standards of care established by Congress for the psychiatric treatment of veterans;

-4-

and (3) the statute of limitations was tolled until Mr. Knudsen both learned of his injury and knew the cause of his injury.

## II.  Standard of Review

A decision to grant summary judgment is reviewed de novo.  *Do v. Wal-Mart Stores,* 162 F.3d 1010, 1012 (8th Cir. 1998).  We view the facts in the light most favorable to the non-movant,  *Dodd v. Runyon,* 114 F.3d 726, 729 (8th Cir. 1997), and will affirm the grant of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995).  If the party with the burden of proof at trial is unable to present evidence to establish an essential element of that party's claim, summary judgment on the claim is appropriate because "a complete failure of proof concerning an essential element of the nonmoving party's case  necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## III.  Discussion

### A.  INDEPENDENT CONTRACTOR

Based on the record before it, the District Court found that Dr. Zitzow was an independent contractor and not an employee of the VA.  Whether or not an individual is an independent contractor or an employee is a question of law to be reviewed de novo.  The existence or weight of the facts underlying the analysis are questions of fact to be reviewed for clear error. *Berger Transfer & Storage v. Central States, Southeast and Southwest Areas Pension Fund*, 85 F.3d 1374 (8th Cir. 1996).

The Federal Tort Claims Act makes the United States liable for the torts of its employees. 28 U.S.C. 1346. On the other hand, the United States is not responsible for the torts of government contractors. 28 U.S.C. 2671. To determine whether an individual is an employee or contractor, the court must evaluate the extent to which the government has the power to supervise the individual's day-to-day operations. *U.S. v. Orleans*, 425 U.S. 807, 814 (1976). The crucial question is the amount of control exercised by the government over the physical performance of the individual. *Logue v. U.S.*, 412 U.S. 521, 527-8 (1973).

The District Court found that Dr. Zitzow was an independent contractor because Dr. Zitzow was not subject to any day-to-day control by the VA and was told not to maintain records for the VA's review. In fact, the program with which Dr. Zitzow contracted was intentionally set up to be separate from the VA because veterans were distrustful of the organization. The District Court also relied on *Bernie v. U.S.*, 712 F.2d 1271 (8th Cir. 1983), where we held that physicians in private practice who provide contract services for the Indian Health Service are not government employees for purposes of the FTCA. The Indian Health Service did not provide daily supervision nor did it control the physician's right to exercise independent medical judgment.

Mr. Knudsen argues that the District Court erred in finding Dr. Zitzow an independent contractor because Congress imposed on the VA a nondelegable duty to supervise counselors who treated Vietnam veterans pursuant to government contracts. According to Mr. Knudsen, the VA was required to provide extensive supervision of such contract counselors, and the fact that the VA failed to provide the required supervision should not convert Dr. Zitzow into an independent contractor. In support of his argument, Mr. Knudsen points first to the legislation which authorized the counseling program in which Dr. Zitzow participated. It provided: "Before furnishing counseling or mental health services . . . through a contract facility, as authorized by this section, the administrator shall approve (in accordance with criteria which the administrator shall prescribe by regulation) the quality and effectiveness of the program

-6-

operated by such facility for the purpose for which the counseling or services are to be furnished." Public Law 96-22, § 103(e)(2), J.A. 110. Mr. Knudsen also argues that Congress intended to make contract counselors employees for purposes of the FTCA because it stated in the same legislation that: ". . . the counseling services shall be considered furnished by the Veterans Administration as a part of hospital care." Public Law 96-22, § 103(b)(1), J.A. 110. Finally, Mr. Knudsen points to VA Circular 10-82-101, which contains several quality assurance standards for contract counselors.

Mr. Knudsen, however, did not present these theories to the District Court prior to the summary judgment ruling, nor was the VA Circular 10-82-101 part of the record when summary judgment was granted in favor of the government. Because Mr. Knudsen did not present in a timely fashion the argument that Congress intended contract counselors to be treated as employees of the VA, we will not consider this argument on appeal. *See RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995); Kriegesmann *v. Barry-Wehmiller Co.*, 739 F.2d 357, 358 (8th Cir. 1984); *Hubbard Broadcasting, Inc. v. Southern Satellite Systems, Inc.*, 777 F.2d 393, 404 (8th Cir. 1985). Moreover, we are unconvinced that Congress intended to transform independent contractors into employees merely because it expected the VA to insure that quality work was done with government funds. As stated in *Orleans*: "Although such regulations are aimed at assuring compliance with goals, the regulations do not convert the acts of entrepreneurs . . . into federal government acts." *Orleans*, 425 U.S. at 816. The District Court did not err when it held that Dr. Zitzow was an independent contractor, and consequently the VA was not vicariously liable for his conduct.

## B. VA'S NEGLIGENCE AND STATUTE OF LIMITATIONS

Vicarious liability was not the sole basis for Mr. Knudsen's claim against the VA. In his FTCA claim filed on January 12, 1998, Mr. Knudsen also alleged that the VA was itself negligent in failing to supervise Dr. Zitzow and failing to comply with

the quality control standards established by Congress and the VA. According to Mr. Knudsen, the VA's negligence caused the lapse in his treatment which in turn caused his permanent impairment. Mr. Knudsen, however, acknowledges that his last counseling with Dr. Zitzow occurred in 1984, as did his Agent Orange exam which was conducted at the VA hospital in Sioux Falls, South Dakota. It was after that exam that VA administrative personnel told him that he could not file a claim for his PTSD or get counseling for it. Mr. Knudsen's next contact with the VA was in 1992 when he admits the VA provided him with the care he needed.

Because the FTCA has a two year statute of limitations, 28 U.S.C. § 2401(b), the government argues that Mr. Knudsen's claim based on the VA's primary negligence is barred. Relying on *U. S. v. Kubrick*, 444 U.S. 111, 120-122 (1979), Mr. Knudsen counters that the statute of limitations was tolled until he knew both the existence of his injury and its cause.

An FTCA claim accrues when the injured person knows or reasonably should know both the existence and cause of his injury. *U.S. v. Kubrick*, 444 U.S. 111, 120-122 (1979); *Slaaten v. U. S.*, 990 F.2d 1038, 1041 (8th Cir. 1993). Accrual occurs at that point even if the injured person does not know that the injury is legally redressable. *K.E.S. v. U.S.*, 38 F.3d 1027, 1030 (8th Cir. 1994).

The gravamen of Mr. Knudsen's claim is that the VA did not follow its own standards or the standards mandated by Congress, and as a result Mr. Knudsen did not get referred for additional counseling, and his PTSD progressed until he was permanently and totally disabled. In his Amended Complaint, Mr. Knudsen stated: "Dr. Zitzow first saw Plaintiff on or about November of 1983. He diagnosed Plaintiff as having Post Traumatic Stress Disorder and recommended that Plaintiff have continued therapy and possible inpatient treatment in an appropriate VA program <u>to prevent this condition for (sic) becoming worse</u>." ¶ 17, Amended Complaint, J.A. 34 (emphasis added). In his deposition Mr. Knudsen confirmed that the statement he

made in ¶ 17 of his Amended Complaint was true. J.A. 189. He also stated: "I wouldn't have filled [the Agent Orange form] out there with [Dr. Zitzow] that particular night and had it sent in. I wouldn't have done that if he would not have been suggesting that in order for things not to progress at a rate that he said it's treatable, but it isn't – you know, basically, the old adage of its treatable but not curable and take care of business now and continue." J.A. 178.

In response to the government's motion for summary judgment, however, Mr. Knudsen filed an affidavit in which he stated that Dr. Zitzow never told him that his PTSD condition would worsen without treatment.

Putting aside for a moment Mr. Knudsen's affidavit that was filed in response to the government's motion for summary judgment, the record is clear that as of 1984, Mr. Knudsen knew that he had PTSD, that it was a progressive disease, and that he needed counseling for it. When he was explicitly denied counseling by the VA in 1984, he knew, or reasonably should have known, both the existence and cause of his injury. He needed counseling to prevent his PTSD from becoming worse, and he was denied treatment. His failure to understand exactly how debilitating his disease would become without treatment does not justify tolling the statute of limitations. *K.E.S. v. United States*, 38 F.3d 1027, 1029-1030 (8th Cir. 1994).

Mr. Knudsen's affidavit stating that he did not know that PTSD would get worse without treatment does not alter the Court's conclusion that the statute of limitations bars his claim. In his Amended Complaint, Mr. Knudsen alleged that Dr. Zitzow told him that he had PTSD and recommended continued treatment to prevent his condition from becoming worse. In a deposition, Mr. Knudsen confirmed this fact. Mr. Knudsen's later affidavit contradicting his pleading and his deposition testimony cannot create a genuine issue of material fact for purposes of summary judgment. *American Airlines, Inc. v. KLM Royal Dutch Airlines, Inc.*, 114 F.3d 108, 111 (8th Cir. 1997); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir. 1983).

-9-

Furthermore, factual statements in a party's pleadings are generally binding on that party unless the pleading is amended. *Missouri Housing Development Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990); *State Farm Mutual Automobile Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968). "[A] party is bound by what it states in its pleading . . . . [A]lthough the rule smacks of legalism, judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

While Mr. Knudsen's later affidavit states that he did not know his PTSD would get worse without treatment, a fair reading of his Amended Complaint shows that Dr. Zitzow told Mr. Knudsen that he should continue treatment to prevent his PTSD from becoming worse. This fact is further supported by Mr. Knudsen's deposition testimony.

Because the statute of limitations bars his claim against the VA for failing to provide him with the care to which he was entitled, the District Court did not err in granting summary judgment for the United States.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.