# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1629

_____

Edwina Bridges, Personal                    *
Representative of the Estate of Harley      *
Gene Bridges, Deceased - Estate of          *
Harley Gene Bridges,                        *
                                            *
            Appellant,                      *
                                            *
      v.                                    *  Appeal from the United States
                                            *  District Court for the
H. G. Rhodes, Major, Individually and       *  Eastern District of Arkansas.
as Employee of The Arkansas                 *
Department of Corrections; Larry A.         *      [UNPUBLISHED]
Teal, Field Lt., Individually and as        *
Employee of The Arkansas Department         *
of Corrections; Jeremy C. Andrews,          *
Field Sergeant, Individually and as         *
Employee of The Arkansas Department         *
of Corrections; Marvin Evans, Warden,       *
Individually and as Employee of The         *
Arkansas Department of Corrections;         *
Larry Norris, Director, Individually and    *
as Employee of The Arkansas                 *
Department of Corrections,                  *
                                            *
            Appellees.                      *

_____

Submitted:  July 5, 2002
Filed:  July 22, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.
_____

PER CURIAM.

Edwina Bridges, personal representative for the estate of deceased Arkansas inmate Harley Gene Bridges, appeals the District Court's[1] adverse grant of summary judgment in this 42 U.S.C. § 1983 action. After careful review of the record, see Jolly v Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), we affirm.

In 1998, Harley Bridges suffered a heat-related collapse while walking back to the Eastern Arkansas Regional Unit (EARU) after an afternoon of working on a hoe squad. He subsequently died, and Edwina Bridges sued—on behalf of his estate—EARU Sergeant Jeremy Andrews, the officer who was supervising the hoe squad on the day of the incident.[2] The District Court granted summary judgment to Andrews based on qualified immunity.

Edwina Bridges asserts violations of constitutional rights that were clearly established in 1998. See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999) (stating that Eighth Amendment is violated when prison guards intentionally delay or deny access to care for inmate's known serious medical need); Choate v. Lockhart, 7 F. 3d 1370, 1373-74 (8th Cir. 1993) (stating that prison officials violate the Eighth Amendment when they knowingly compel inmate to perform work which is beyond

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Other prison officials and employees were named, but the grant of summary judgment to those defendants is not being challenged on appeal.

-2-

his strength, which constitutes danger to his health, and which is unduly painful). She fails, however, to produce any evidence showing that a reasonable official in Andrews's position would have known that his actions violated Harley Bridges's Eighth Amendment rights. See Mays v. Rhodes, 255 F.3d 644, 647 (8th Cir. 2001) (setting out three-part inquiry in determining whether public official defendant is entitled to qualified immunity at summary-judgment stage). The only evidence she offered was the affidavit of Dr. J. R. Baber, who reviewed the decedent's medical records. Further, the affidavit contradicted portions of Dr. Baber's prior deposition testimony. Cf. Knudsen v. United States, 254 F.3d 747, 752 (8th Cir. 2001) (holding that plaintiff's later affidavit contradicting his pleading and deposition testimony cannot create genuine issue of fact for purposes of summary judgment). And while Dr. Baber listed in his affidavit heat-related symptoms that he attested Andrews must or should have recognized, these symptoms (red, hot, and dry skin; cool, dry skin; lightheadedness or dizziness; nausea; angry behavior; and low blood pressure), for the most part, would not have been readily visible to anyone. See Gregory v. City of Rogers, Ark., 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc) (explaining that to withstand summary judgment, nonmovant must present evidence sufficiently probative to support disputed material facts such that reasonable jury could return verdict in his favor), cert. denied, 507 U.S. 913 (1993).

On the issue of medical delay, Edwina Bridges submitted no evidence supporting her assertion that Harley Bridges suffered seizures and was writhing on the ground after his collapse, and a twenty-minute delay in getting him to the infirmary was not unreasonable because of the security concerns involved in Andrews's supervision of other inmates on the hoe squad. See Mays, 255 F.3d at 649 (rejecting argument defendants were deliberately indifferent because, although there was no question inmate needed medical attention at time of his heat-related collapse, evidence showed supervising officer responded in quick, reasonable manner while maintaining security of hoe squad by calling for other officers to assess inmate and transport him to infirmary).

-3-

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-