# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2235

_____

| | | |
|---|---|---|
| Jerome Paulette, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Marvin D. Morrison, Warden, FCI - | * | |
| Forrest City; Melvin Smith, Captain, | * | [UNPUBLISHED] |
| FCI - Forrest City; Ronald G. | * | |
| Thompson, Regional Director; | * | |
| Kathleen Hawk-Sawyer, Director, | * | |
| Bureau of Prisons; | * | |
| | * | |
| Defendants, | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 23, 2003

Filed: January 12, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Federal inmate Jerome Paulette appeals the District Court's[1] adverse decisions regarding his claims under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (2000) (FTCA). According to Paulette's complaint, he was assaulted by a fellow inmate on January 17, 2000, following a dispute with the inmate over television use. Paulette claimed the assault was the result of defendants' negligence and deliberate indifference. Upon de novo review, <u>see</u> <u>United States v. Dico, Inc.</u>, 136 F.3d 572, 575 (8th Cir. 1998), we affirm.

We conclude the District Court properly dismissed Paulette's <u>Bivens</u> claims without prejudice, because Paulette did not submit evidence of complete exhaustion. <u>See</u> 42 U.S.C. § 1997e(a) (2000); <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). We also conclude the district court properly granted summary judgment on the FTCA claims. <u>See</u> <u>Knudsen v. United States</u>, 254 F.3d 747, 749 (8th Cir. 2001) (noting de novo standard of review). The government cannot be liable on Paulette's claims that prison officials were negligent in assigning him to the Federal Correctional Institution at Forrest City, Arkansas (FCI), or in maintaining inadequate security at FCI, because such decisions fall within the discretionary-function exception to the FTCA. <u>See</u> <u>Santana-Rosa v. United States</u>, 335 F.3d 39, 44 (1st Cir. 2003) (holding that classification and assignment decisions—as well as the allocation of guards and other correctional staff fall—within discretionary-function exception to FTCA); <u>Cohen v. United States</u>, 151 F.3d 1338, 1344 (11th Cir. 1998) (classifying prisoners and placing them in institutions involves conduct meeting prerequisites for discretionary-function exception), <u>cert. denied</u>, 526 U.S. 1130 (1999). As to Paulette's claim that FCI was overcrowded, Paulette did not rebut the government's evidence that the prison met relevant occupancy standards, or explain how any noncompliance rendered FCI negligent.

_____

---

[1]The Honorable Stephen M. Reasoner, United States District Court for the Eastern District of Arkansas.