Rulon W. DAHL, et al., Plaintiffs,

v.

UNITED STATES of America,
et al., Defendants.

No. 2:01CV0063K.

United States District Court,
D. Utah,
Central Division.

Aug. 14, 2001.

Thomas W. Clawson, Stephen K. Christiansen, Evan S. Strassberg, Van Cott Bagley Cornwall & McCarthy, Salt Lake City, UT, for Plaintiffs.

James G. Touhey, Jr., U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, Stephen L. Roth, Jeannette F. Swent, U.S. Attorney's Office, Salt Lake City, UT, for Defendants.Bret B. Hicken, Hicken & Hatch, Spanish Fork, UT, for Defendant Carling & Co.

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment. A hearing on the motion was held on July 10, 2001. Defendants were represented by James G. Touhey, Jr., Jeanette F. Swent, and Kevin Jones. Plaintiffs were represented by Stephen K. Christiansen and Thomas W. Clawson. Oral argument was heard and the motions were taken under advisement. After carefully considering the memoranda submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court enters the following Order.

## BACKGROUND

Plaintiffs have brought tort claims for negligence, trespass to chattels/trover and

conversion, trespass to land/injury to land, and a constitutional takings claim against the United States. Defendants have asserted that this court has no jurisdiction to hear the takings claim and that such claim should be properly brought before the Court of Federal Claims. Plaintiffs concede this and have requested that their takings claim be dismissed without prejudice, with leave to refile it in the Court of Federal Claims.

On July 7 and 8, 1997 the United States, through the Bureau of Land Management ("BLM"), leveled a stockpile of minerals located on federal lands to which plaintiffs had placer mining claims. Plaintiffs discovered the destruction of the stockpile eleven months later in June 1998. Plaintiffs presented their tort claims to the BLM on May 31, 2000, almost three years from the time that the injury took place and just less than two years from the time they discovered their alleged injury.

## DISCUSSION

■ Through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, the United States has waived its sovereign immunity from tort claims. However, this waiver is subject to statutory exceptions. *See* 28 U.S.C. § 2401(b); 28 U.S.C. § 2680. If the Plaintiffs' cause of action falls within any of these exceptions, then federal courts lack subject matter jurisdiction to hear their claims. *See Donahue v. United States Dept. of Justice*, 751 F.Supp. 45, 47 (S.D.N.Y.1990). The relevant statutory exception in this matter is the following:

A tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues ...

28 U.S.C. § 2401(b). This matter turns on the determination of when the Plaintiffs' tort claim accrued for purposes of the statute of limitation. The Defendant main-

tains that the claim accrued at the time the injury occurred in July 1997, and the two-year statute of limitation ran before Plaintiffs presented their claim to the BLM on May 31, 2000. Plaintiffs, however, maintain that they have complied with the statute because under the "discovery rule," their claim did not accrue until they discovered the injury in June 1998, just less than two years before they filed a claim with the BLM. Plaintiffs further assert that because the discovery rule applies, this court must not dismiss the case until a trier of fact can determine whether they should have discovered the injury at an earlier time through the exercise of due diligence.

The general rule under the FTCA is that a tort claim accrues at the time of the plaintiffs injury. *See United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259(1979); *Kynaston v. United States*, 717 F.2d 506, 508 (10th Cir.1983); *Zeidler v. United States*, 601 F.2d 527, 529 (10th Cir.1979). Exceptions to the general rule include medical malpractice cases and other cases involving hidden injury. *See Kubrick*, 444 U.S. at 120 n. 7, 100 S.Ct. 352 (citing cases); *Arvayo v. United States*, 766 F.2d 1416, 1419 (10th Cir.1985). In all but exceptional cases, when the Plaintiff cannot know the fact and cause of injury, the general rule—that an FTCA cause of action accrues at the time of injury—applies. *K.E.S. v. United States*, 38 F.3d 1027, 1030 n. 2 (8th Cir.1994). The Plaintiffs' stockpile was completely leveled by the BLM. The stockpile was above ground, openly visible, 30 feet high and almost a quarter of a mile long. The Plaintiffs were in no way inhibited from visiting their land and a visit to the land was the only action needed in order to discover the alleged injury. The Plaintiffs' claim is simply not the type of claim that falls under the hidden injury exception. This court finds that because the alleged injury was the

type that could be readily discovered, and the cause of the injury was readily discoverable, the limitation period commenced at the time the injury occurred.

Plaintiffs have cited cases outside of the FTCA context in support for their claim that the discovery rule should apply. Even in this alternative context, the Plaintiffs' claims fail. The Supreme Court notes that Federal Courts generally apply a discovery accrual rule when a statute is silent on the issue. *Rotella v. Wood,* 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000) (citing *Klehr v. AO Smith Corp.,* 521 U.S. 179, 191, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997)) (citing *Connors v. Hallmark & Son Coal Co.,* 935 F.2d 336, 342 (D.C.Cir.1991); C. Corman, Limitations of Actions, § 6.5.5.1, p. 449 (1991)). The *Conners* decision cited by the Supreme Court contains the following pertinent discussion:

> Judge Posner, writing for a Seventh Circuit panel, has explained that the "time of injury" rule can be considered analytically as but a particular instance of the discovery rule: if the injury is such that it should reasonably be discovered at the time it occurs, then the plaintiff should be charged with the discovery of the injury, and the limitations period should commence, at that time. But if, on the other hand, the injury is not of the sort that can readily be discovered when it occurs, then the action will accrue, and the limitations period commence, only when the plaintiff has discovered, or with due diligence should have discovered, the injury. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990) ("Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date—*often the same, but sometimes later*—on which the plaintiff discovers that he has been injured.") (emphasis added).

*Connors,* 935 F.2d at 342. The question for this court is whether the type of injury suffered by the Plaintiffs is the type of injury that "can readily be discovered when it occurs." As noted above, the Plaintiffs alleged injury was readily discoverable and in no way hidden. Because of this finding of the court, the limitation period commenced at the time the injury occurred.

█ Even if the court applied the discovery rule in this case, the Plaintiffs' claim would still be dismissed. Plaintiffs have pointed out that the determination of whether a plaintiff should have discovered an injury does not lend itself to determination as a matter of law. *See State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d 687, 693, n. 13 (10th Cir.1981); *Wolf v. Preferred Risk Life Ins. Co.,* 728 F.2d 1304, 1307 (10th Cir.1984). However, any rule which makes the statute of limitations necessarily a question for the trier of fact defeats the statute's purpose of preventing trials of stale claims. *Peterson,* 651 F.2d at 694. If documents before the court clearly and convincingly show that the plaintiff in the exercise of reasonable diligence would have discovered their injury at such time as to bar the action, then disposition as a matter of law is appropriate. *Id.*

Plaintiffs claim that they did not immediately discover their injury due to misleading letters from the BLM and a misunderstanding of what the letters meant. Plaintiffs assert that the BLM did much more than what they told the Plaintiffs they intended to do, including the leveling of the stockpile. However, the undisputed language of the letters states that the BLM intended to "recontour" the surface of the land and use "heavy equipment" in the area of the Plaintiffs' stockpile. This information, at a minimum, put Plaintiffs on notice that major work would be going

on near or around their claims. Plaintiffs also received notice from the BLM after the work was completed. These notices, coupled with the significant value the Plaintiffs have placed on their claims, further support this court's finding that a plaintiff exercising reasonable diligence would have discovered any damage that may have been cause by the BLM's activities and made a claim within the time provided by the applicable statute of limitation.

This court concludes from the facts and documents presented in this case that the injury suffered by the Plaintiffs was the type that could have been immediately discovered and the discovery rule does not apply. Furthermore, should the discovery rule be applied, the documents before the court show that the Plaintiffs in the exercise of reasonable diligence would have discovered their injury at such a time as to bar the action. Therefore, the time of accrual, whether through direct application of the "time of injury" rule or through the application of the discovery rule, began at the time the plaintiffs' stockpile was leveled on July 7 and 8, 1997, or shortly thereafter. Because Plaintiffs filed their claim with the BLM more than two years after those dates, this court does not have jurisdiction over the matter.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and Plaintiffs takings claim is dismissed without prejudice, with leave to refile it in the Court of Federal Claims.