# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3830

———————

| | | |
|---|---|---|
| Malinka Wilson, by and through her next friend and mother, Veronica Wilson, | * * * * | |
| Appellant, | * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| v. | * * | |
| Delores J. Gunn, M.D.; Joseph B. Shumway, M.D.; Beverly Jean Hoehn, M.D.; Charles Dahm, M.D.; Edie M. Pohl, M.D.; St. Louis University; Tenet Healthsystem DI, Inc., doing business as Forest Park Hospital, | * * * * * * * | |
| Defendants, | * * | |
| United States of America, | * * | |
| Appellee. | * | |

———————

Submitted: February 15, 2005
Filed: April 6, 2005

———————

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Malinka L. Wilson, by her mother, Veronica D. Wilson, sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., alleging malpractice by a government-funded physician. The district court[1] granted summary judgment for the government, due to the statute of limitations, 28 U.S.C. § 2401(b). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Wilson delivered Malinka on January 17, 2000, at Forest Park Hospital in St. Louis. On January 25, 2002, Wilson sued for medical malpractice in state court, alleging that Malinka suffered serious brain and arm injuries during delivery. On January 28, 2002, Wilson made an administrative claim with the Department of Health and Human Services, stating that at least one physician who treated Malinka was employed by a recipient of federal grant money. Defendant Delores J. Gunn, an employee of People's Health Center, a federally-funded medical facility, removed the case to federal court, where the United States was substituted as a defendant. The district court, concluding that Wilson failed to bring the administrative claim within the two-year statute of limitations of the FTCA, granted summary judgment to the United States. The court rejected Wilson's assertion that the statute was tolled until she turned 18 on October 3, 2000, the age when Wilson could herself bring suit. The district court then remanded other claims to state court.

This court reviews de novo the grant of summary judgment, giving Wilson the most favorable reading of the record and the benefit of any reasonable inferences from the record. *See **Uhiren v. Bristol-Myers Squibb Co.***, 346 F.3d 824, 827 (8th Cir. 2003). "Summary judgment is appropriate only when the pleadings, depositions and affidavits submitted by the parties indicate no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law." ***Id.***

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Under the FTCA: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." **28 U.S.C. § 2401(b)**. "This statute is a limitation on the government's waiver of sovereign immunity that must be strictly construed." **K.E.S. v. United States**, 38 F.3d 1027, 1029 (8th Cir. 1994), *citing* **Soriano v. United States**, 352 U.S. 270, 276 (1957). *See also* **United States v. Sherwood**, 312 U.S. 584, 590-91 (1941). Since Wilson's administrative claim was presented on January 28, 2002, it is time-barred if it accrued before January 28, 2000.

"[T]he general rule under the [FTCA] has been that a tort claim accrues at the time of the plaintiff's injury." **United States v. Kubrick**, 444 U.S. 111, 120 (1979). However, "if the plaintiff has been in 'blameless ignorance' of the injury, the cause of action does not accrue until the plaintiff knows of the fact of injury and its cause." **K.E.S.**, 38 F.3d at 1029, *citing* **Kubrick**, 444 U.S. at 120-22 & n.7. *See also* **Urie v. Thompson**, 337 U.S. 163, 169-70 (1949). "The cause of action accrues at that time even if plaintiff does not know that the injury is legally redressable – if plaintiff fails to act despite knowledge of the harm and its cause, defendant is entitled to the limitations defense." **K.E.S.**, 38 F.3d at 1029.

Infancy does not ordinarily toll the FTCA statute of limitations. **Clifford v. United States**, 738 F.2d 977, 980 (8th Cir. 1984). *See generally* Romualdo P. Eclavea, Annotation, *Statute of Limitations Under Federal Tort Claims Act*, **29 A.L.R. Fed. 482, § 10(a)** (1976 & Supp. 2004). "When a person is an infant, there are others legally responsible for his or her well-being. The parents or guardians would be under a duty to investigate the injury and its cause, and to take legal action within the time prescribed." **Clifford**, 738 F.2d at 980. Nonetheless, Wilson argues that because she was an *infant* parent when Malinka was born – with no "legal knowledge" of Malinka's condition or "legal duty" to act on Malinka's behalf – the limitations period should not begin until her eighteenth birthday, October 3, 2000.

Wilson mainly invokes *Clifford*, where a comatose adult's claim did not accrue until a guardian was appointed. *Id. See also **Washington v. United States***, 769 F.2d 1436, 1438-39 (9th Cir. 1985). Before the guardian was appointed, no one who knew of the injury and its cause had a duty to act on Clifford's behalf. ***Clifford***, 738 F.2d at 980. The *Clifford* court explicitly distinguishes cases where the statute ran on infants' claims. *Id.* Further, the *Clifford* court limits its holding to "that rare situation where the alleged malpractice itself . . . has prevented the claimant from ever obtaining" the knowledge needed to begin the limitations period. ***Clifford***, 738 F.2d at 980. *See also **Zeidler v. United States***, 601 F.2d 527, 531 (10th Cir. 1979).

Here, Malinka's parent and guardian knew of the alleged injuries and cause by January 19, 2000. True, Veronica Wilson was an "infant" who could not herself commence a civil suit from January 19, 2000 to October 2, 2000, by the terms of Mo. Rev. Stat. § 507.115 and Fed. R. Civ. P. 17(b). She emphasizes that infants have "little if any understanding of the complexities of our legal system." *See **Strahler v. St. Luke's Hosp.***, 706 S.W.2d 7, 10 (Mo. banc 1986). But the record here shows that she was responsible for Malinka's well-being. Contrary to Wilson's argument, there is no genuine issue of material fact as to when she knew the existence and probable cause of Malinka's injuries. Wilson's sworn deposition statements demonstrate that by January 19, 2000, she knew of Malinka's injuries and believed they would not have occurred if the doctors had performed a cesarean section. Wilson cites general statements of healthcare workers that she had incomplete understanding of Malinka's condition and health needs, but these statements do not contradict her own specific deposition testimony.

Infancy did not prevent Wilson from making an administrative claim. *See **Zavala v. United States***, 876 F.2d 780, 784 (9th Cir. 1989), *citing **Crawford v. United States***, 796 F.2d 924, 926 (7th Cir. 1986). Because the claim accrued by January 19, 2000, and more than two years passed before the administrative claim was filed, summary judgment is proper.

-4-

Wilson further claims that the summary judgment violated Malinka's right to due process under the fifth amendment. Malinka's right to sue under the FTCA is a property interest protected by due process. *See* **Logan v. Zimmerman Brush Co.**, 455 U.S. 422, 428-29 (1982). A statute "adjusting the burdens and benefits of economic life" violates due process if the claimant establishes "the legislature has acted in an arbitrary and irrational way." **Honeywell, Inc. v. Minnesota Life and Health Ins. Guar. Assoc.**, 110 F.3d 547, 554 (8th Cir.), *cert. denied*, 522 U.S. 858 (1997), *quoting* **Usery v. Turner Elkhorn Mining Co.**, 428 U.S. 1, 15 (1976). Wilson states: "Under a statute of limitation that allows for tolling while an adult patient is comatose, there can be no rational explanation for denying infants whose parents are children the right to assert their tort claims against the government." In this case, Wilson had the opportunity to pursue Malinka's administrative claim before the section 2401(b) period expired. All parties agree that after turning 18, Wilson had 15 months to act on behalf of Malinka before the statute of limitations ran. Wilson does not show that Congress acted in an arbitrary and irrational manner.

The judgment of the district court is affirmed.

_____